IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**ERIC J. REESE,**

      **Petitioner,**

v.                                          Case No. 5:17-cv-03053

**DAVID L. YOUNG, Warden,**
**FCI Beckley,**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned **RECOMMENDS** that the District Court **DENY** the § 2241 petition and **DISMISS** this matter, with prejudice, from the docket of the Court.

**I.**     **Factual and Procedural Background**

In 2010, Eric Jerome Reese ("Reese") pled guilty to federal firearms charges in the United States District Court for the Northern District of Florida (the "Sentencing Court") and was sentenced to 151 months of imprisonment. (ECF Nos. 5-1 and 5-2). The United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") affirmed Reese's convictions and sentences the following year in February 2011. Opinion, *United States v.*

*Reese*, No. 10-12673 (11th Cir. Feb. 23, 2011). In May 2012, Reese filed a Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255 in the Sentencing Court, alleging ineffective assistance of counsel. (ECF No. 5-4). The Sentencing Court denied Reese's § 2255 motion in October 2014. (ECF No. 5-5). Several years later, in May 2017, Reese filed the instant Petition for a Writ of Habeas Corpus while he was incarcerated in this judicial district. (ECF No. 1). In summary, Reese alleges that his imprisonment is unlawful because he did not commit the alleged crimes on federally-owned land. (*Id.*). Therefore, Reese contends that the United States did not have jurisdiction to enforce the federal criminal statutes against him. (*Id.*). The action was docketed as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.

In June 2017, the month after Reese filed the instant action, he filed a notice of appeal in the Eleventh Circuit. Order, *United States v. Reese*, No. 17-12711-H (11th Cir. Aug. 11, 2017). The Eleventh Circuit dismissed the appeal *sua sponte* for lack of jurisdiction, stating that any appeal of the October 2014 Order denying Reese's § 2255 motion or any preceding orders was untimely. *Id.*

In July 2017, the undersigned entered an Order, requiring the United States to show cause why the relief sought by Reese should not be granted in the present matter. (ECF No. 3). The United States responded that Reese's petition is properly construed as a motion under § 2255, as it directly attacks the imposition of Reese's federal convictions and sentences. (ECF No. 5). Therefore, the United States argued that the petition must be pursued in the sentencing jurisdiction, as this Court is without authority to hear it. (*Id.*). The United States identified that this Court may characterize the petition as a request for permission to file a second or successive § 2255 motion and transfer the matter to the Eleventh Circuit for review. (*Id.*). However, the United States asserted that the petition

should be dismissed, rather than transferred, because Reese does not offer any new evidence or new rule of constitutional law to establish a potentially meritorious claim. (*Id.*). In addition, the United States noted that Reese's petition is untimely because it was filed more than one year after his judgment became final. (*Id.*).

## II.   Analysis

Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). On limited occasion, the "savings clause" of 28 U.S.C. § 2255(e), allows a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to take the place of a § 2255 motion when the remedy under § 2255 is inadequate or ineffective, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W. Va. 2001).

Rather, the savings clause creates a narrow exception by which a prisoner may challenge his or her conviction under § 2241 if the claim meets three criteria: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). Similarly, to challenge the legality of a sentence via the savings clause, the petitioner must show that all of the following criteria exist: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled

substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Jones/Wheeler* criteria. *See Hood v. United States*, 13 F. App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 F. App'x 268 (4th Cir. 2014).

In this matter, Reese does not argue that his convictions and sentences are unlawful due to a subsequent change in law. Rather, Reese argues that the United States did not have "territorial jurisdiction" to convict him of federal crimes at the time that the judgment was imposed. Therefore, given that Reese challenges the imposition of his convictions and sentences and has not shown that the remedy under § 2255 is inadequate or ineffective, Reese's petition is properly construed as a motion under § 2255.

Unlike § 2241 petitions, which are brought in the district in which the petitioner is incarcerated, *see United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the prisoner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Therefore, if this Court chooses to construe the petition as a § 2255 motion, then the matter must be transferred to the appropriate court, as this Court lacks jurisdiction over the action. By statute, "upon receiving a wrongfully filed petition in a civil action, a court 'shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed.'" *United States v. McNeill*, 523 F. App'x 979,

4

983 (4th Cir. 2013) (quoting 28 U.S.C. § 1631). However, transfer of a petition that is filed in the incorrect court is not mandatory. *Id.* at 984. Rather, a district court retains the discretion to dismiss, rather than transfer, a petition that is frivolous or time-barred. *Id.*

In this case, Reese's action must be dismissed, rather than transferred to the sentencing jurisdiction. To begin, the instant action was filed more than one year after Reese's conviction became final. Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Reviewing the petition, the undersigned finds no claimed impediment, or statement of fact or law, that would trigger a date described in subsection 2, 3, or 4 of § 2255(f). Reese's judgment became final after the Eleventh Circuit affirmed his conviction and sentence in February 2011 and the 90 days within which he could file a petition for a writ of certiorari in the United States Supreme Court expired. Thus, Reese's judgment was final in 2011, yet Reese did not file the instant action until 2017. Therefore, the petition was clearly filed after the expiration of the one-year limitation period.

Furthermore, the record does not provide a basis for equitable tolling. *Holland v.*

*Fla.*, 560 U.S. 631, 649 (2010) (holding that equitable tolling should only be extended when a habeas petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (stating that the AEDPA statute of limitations can be tolled in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result."). Consequently, Reese's petition is very clearly untimely.

An additional factor that weighs in favor of dismissal is that Reese has not received authorization from the Eleventh Circuit to file a second or successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), which would remove any benefit to be gained from a transfer to the Sentencing Court. *Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W. Va. Oct. 17, 2013); *Currence v. Cauley*, 1:11-0088, 2013 WL 5658345, at *3 (S.D.W. Va. Oct. 15, 2013); *Ellis v. Berkebile*, No. 5:10-cv-00191, 2011 WL 2680724, at *4 (S.D.W. Va. July 8, 2011); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."). As the United States points out, the Court may exercise its authority under 28 U.S.C. § 1631 and recharacterize the petition as a motion for pre-filing authorization and transfer it to the Eleventh Circuit for consideration. However, for a court of appeals to grant a petitioner's request to file a successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

6

> evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. "[T]ak[ing] a peek at the merits" of the petition, Reese does not set forth any potentially meritorious claim under either prong of § 2255(h). *Phillips*, 173 F.3d at 610. Reese does not assert any newly discovered evidence or new rule of constitutional law that applies to his case. As the petition fails to allege a potentially meritorious claim, transfer to the Eleventh Circuit is not "in the interest of justice."

For the foregoing reasons, the undersigned **FINDS** that this Court lacks jurisdiction to consider Reese's habeas petition. The undersigned further **FINDS** that the petition is frivolous and time-barred. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding district judge **DENY** the petition and **DISMISS** this action, with prejudice.

### III. <u>Proposal and Recommendations</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED** and this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall

have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Berger, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the parties and any counsel of record.

**FILED:** February 12, 2019

Cheryl A. Eifert
United States Magistrate Judge